STATE OF VERMONT

**SUPERIOR COURT**
Washington Unit

**CIVIL DIVISION**
Docket No. 759-12-13 Wncv

2017 MAR -8  A 9:07

**KIRK WOOL**
Plaintiff

v.

**ANDREW PALLITO, Commissioner,**
**Vermont Department of Corrections**
Defendant

### DECISION
### Cross-Motions for Summary Judgment

Plaintiff Kirk Wool, an inmate in the custody of the Vermont Department of Corrections (DOC) claims that statutory changes and the Department of Corrections' adoption of an inmate classification scheme that includes "Level C" after the offenses that led to his incarceration, violate the Ex Post Facto Clause of the United States Constitution, U.S. Const. art. I, § 10, because they effectively render him ineligible for parole. The gist of his claim is that the DOC will not route a Level C offender towards the rehabilitative programming that will make that offender a viable candidate for various forms of release to the community, and without that supervised release, the Level C offender has no viable chance of parole. The parties filed cross-motions for summary judgment on this claim.

After the parties filed their motions, the court expressly recognized that Mr. Wool's claim is substantially the same as the ex post claims recently brought by two other inmates, Bernard Carter and Dennis Chandler. Entry Order 1–2 (filed Sept. 1, 2016). Mr. Carter's case is pending. See *Carter v. Menard*, No. 718-11-15 Wncv, 2016 WL 5944416 (Vt. Super. Ct. Apr. 13, 2016) (declining to dismiss for failure to exhaust due to special circumstances). The court reached the merits in *Chandler* and ruled in favor of the State. *Chandler v. Pallito*, No. 210-4-13 Wncv, 2015 WL 10551407 (Vt. Super. Ct. Dec. 24, 2015). Mr. Chandler appealed. The court then stayed this case pending an appellate decision in *Chandler*. "At a minimum, the Court believes that a ruling on the ex post issues in this case will have a more certain foundation when informed by the Supreme Court's decision in *Chandler*." Entry Order 3–4 (filed Sept. 1, 2016).

The Supreme Court affirmed in *Chandler* on September 23, 2016. *Chandler v. Pallito*, 2016 VT 104, 2016 WL 5339553. The court then lifted the stay in this case and invited the parties to supplement their summary judgment briefing in light of that decision. Both parties have submitted supplemental memoranda.

Mr. Wool's claim in the case was that the Level C classification prevented programming that, in turn, prevented parole. Shortly after the *Chandler* opinion was issued, and before this court enlarged time and provided the opportunity to submit supplemental memoranda, Mr. Wool

1

purported to modify his claim as follows:

> I write to give notice that to every extent that my Motion for Summary Judgment argues that the Level C designation keeps me from entering prison program [*sic*], I rescind all such assertions. . . .
>
> The Level C designation on its own terms acts to make me serve much longer of my sentence than I would prior to the designation with its unambiguous declaration that it subjects me to "long term imprisonment". It makes no difference any additional prejudice the designation causes, such as delay or denial for entering prison programs, because once the designation is applied the "long term imprisonment" alone "disadvantages" me for parole release.

Letter from Kirk Wool to Judge Tomasi (filed Oct. 3, 2016). This is reflected in Mr. Wool's post-*Chandler* briefing as well.

The *Chandler* decision controls this case. Broadly stated, the *Chandler* Court concluded that "because the statutes and directives cited by plaintiff did not alter the Department's fundamental discretion over treatment programming and early release, their practical implementation did not create a sufficient risk that plaintiff would be incarcerated for a longer period than under the earlier statutes and rules" for ex post facto purposes. *Chandler*, 2016 VT 104, ¶ 18. *Chandler* squarely disposes of Mr. Wool's original claim here. His reformulated claim is that a Level C classification directly—regardless of any impact on programming—limits the fundamental discretion vested in the parole board over parole decisions. Even if the court were to allow him to change his claim at this stage in the case, the grounds for decision in *Chandler* apply the same way to the reformulated claim. Under either version of the claim, the Commissioner is entitled to summary judgment.


ORDER

For the foregoing reasons, the State's motion for summary judgment is granted; Mr. Wool's motion for summary judgment is denied.

Dated at Montpelier, Vermont this 6th day of March, 2017.

_____
Mary Miles Teachout
Superior Judge

2